UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRANKLIN WAITE,

                              Plaintiff,

v.

                                                            20-CV-1203V(Sr)

LOWE'S HOME CENTERS, INC.,

                              Defendant.

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #4.

        Plaintiff commenced this personal injury action in New York State Supreme Court, County of Cattaraugus, by Summons and Complaint filed July 15, 2020. Dkt. #1-2. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332, which affords this Court jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. Dkt. #1.

        By Order entered September 22, 2021, the Court granted a motion by plaintiff's counsel to withdraw from representing plaintiff. Dkt. #20.

        During a status conference on August 17, 2022, the Court directed defense counsel to provide plaintiff with a disc containing all videos relating to this

incident. Dkt. #24. Defense counsel filed an affidavit of service of a disc containing the videos that same day. Dkt. #26. Prior to a subsequent status conference on September 27, 2022, plaintiff was afforded the opportunity to review this video evidence in the courtroom. Dkt. #28.

Prior to his deposition, plaintiff, proceeding *pro se*, disclosed to defense counsel that, in addition to his shoulder injury, he had also suffered a back injury. Dkt. #32. By letter dated December 9, 2022, defense counsel reports that plaintiff has refused to sign medical authorizations to allow defendant to obtain medical records relating to his back injury until defendant produces certain video evidence. Dkt. #32. Defendant states that it is not aware of any video evidence relating to this incident other than that which plaintiff reviewed in Court at the status conference on September 27, 2022. Dkt. #32. Defendant argues that plaintiff should be compelled to sign medical authorizations or be precluded from introducing evidence of injury other than to his shoulder. Dkt. #32.

By letter received on December 16, 2022, plaintiff argues that the video is incomplete and has been edited. Dkt. #33. Plaintiff requests contact information for the "young boy" that was assisting him when he was injured and the "service counter lady" that offered to call the ambulance. Dkt. #33. Plaintiff states that Dr. Bingham has scheduled an MRI of his lumbar spine on December 20, 2022. Dkt. #33.

"The deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts [need not] be carried on in the dark." *In re Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (internal quotation omitted)(alteration in original). As set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"By commencing this action and seeking damages for his medical injuries, [plaintiff] has placed his relevant medical condition at issue." *Bayne v. Provost*, 359 F. Supp. 2d 234, 238 (N.D.N.Y. 2005); *See Vargas v. United States*, 401 F. Supp.3d 346, 347 (E.D.N.Y. 2018) ("A plaintiff waives his right to privacy in his medical records when he puts his medical condition at issue in a lawsuit."). "Defendant is certainly entitled to explore whether the injuries [p]laintiff claims resulted from Defendant's conduct were in fact caused by someone else or resulted from some pre-existing condition." *Vargas*, 401 F. Supp.3d at 347; *See also Cordero v, United States*, 19 Civ. 1320, 2021 WL 568079, at *2 (S.D.N.Y. Feb. 16, 2021) (same). Thus, plaintiff must execute authorizations for release of medical records pertaining to all injuries he is claiming as a

result of the incident alleged in this lawsuit no later than February 8, 2023 or be precluded from alleging any such injury at trial.

Plaintiff may pursue his concerns that there is additional video that has not been produced and that the video has been edited through use of the discovery process, including, for example, interrogatories directed to the video custodian pursuant to Rule 33 of the Federal Rules of Civil Procedure or demand for video pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiff may also utilize the discovery process to obtain relevant information from the employees he interacted with on the date of this incident. Plaintiff is encouraged to contact the *Pro Se* Assistance Program at (716) 847-0662, ext. 340, for advice about obtaining relevant discovery in this matter.

The Case Management Order is extended as follows: fact discovery shall be completed by April 5, 2023 and dispositive motions shall be filed by May 3, 2023.

**SO ORDERED.**

DATED:   Buffalo, New York
         January 19, 2023

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**