UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**FRANKLIN WAITE,**

                              **Plaintiff,**

v.                                                                             **20-CV-1203V(Sr)**

**LOWES HOME CENTERS, INC.,**

                              **Defendant.**

---

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4.

        Plaintiff, represented by counsel, commenced this action in New York State Supreme Court, County of Cattaraugus, alleging that on June 2, 2018, at defendant's store in Orchard Park, New York, defendant's employee negligently handled a metal sheet panel, causing plaintiff to sustain serious bodily injury. Dkt. #1-2. Defendant removed the action to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. #1.

        The Court entered a Case Management Order on January 20, 2021 and an Amended Case Management Order on August 2, 2021. On September 22, plaintiff's attorney was granted permission to withdraw as counsel and plaintiff was afforded the

opportunity to seek new counsel or advise the Court that he intended to proceed *pro se.* Dkt. #19. That deadline was extended on April 27, 2022 and on August 2, 2022. Dkt. #22.

At a Status Conference on September 27, 2022, plaintiff viewed video recordings provided by defendant in discovery and the Court issued an Amended Scheduling Order. Dkt. #28. The Court has conducted several additional conferences to address discovery issues, resulting in further extensions of the Case Management Order. Dkt. #31; Dkt. #34; Dkt. #36; Dkt. #38 & Dkt. #40. By Text Order entered April 28, 2023, the Court extended the deadline for plaintiff's depositions through June 30, 2023 and the deadline for dispositive motions to August 11, 2023. Dkt. #42.

Currently before the Court is plaintiff's motion for leave to proceed *in forma pauperis* and to appoint counsel. Dkt. #43 & Dkt. #44.  In support of his motion to proceed in *forma pauperis*, plaintiff declares that he is retired with a monthly gross income of $1,100 and assets including real property valued at approximately $100,000. Dkt. #43. In support of his motion to appoint counsel, plaintiff declares that no lawyer will take his case. Dkt. #44.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the

judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity."  *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.*  Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

As an initial matter, plaintiff has not demonstrated that he is indigent. *See, e.g., Skinner v. City of Amsterdam*, 6:07-CV-0310, 2007 WL 9773249 (N.D.N.Y. April 3, 2007) (denying *in forma pauperis* application where, *inter alia*, plaintiff owned real property and received monthly income). In any event, the Court does not find appointment of counsel warranted at this time under the factors set forth above. At least until the discovery process is complete, the substance of plaintiff's claim remains unclear. Moreover, the legal issues involved in this action do not appear complex. In addition, plaintiff has demonstrated a capacity to clearly communicate the factual basis of his claims to the Court and to pursue discovery from defendant. Accordingly, plaintiff's motions are denied without prejudice and plaintiff is advised that it is his responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         June 27, 2023

                                          *s/ H. Kenneth Schroeder, Jr.*
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**